IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LISA A. COPAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:08-CV-137 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This is an action for judicial review of defendant Commissioner's final decision discontinuing plaintiff's Supplemental Security Income ("SSI") benefits. For the reasons provided herein, defendant's motion for summary judgment [doc. 10] will be granted, and plaintiff's motion for summary judgment [doc. 8] will be denied.

I.

*Procedural History*

Plaintiff was born in 1966. She applied for benefits in May 2000, claiming to be disabled as of December 1, 1998, by depression and anxiety. [Tr. 69, 104, 111]. A state agency initial disability determination dated July 13, 2000, granted benefits. [Tr. 69].

> The claimant was found disabled on the basis of a depressive disorder and an anxiety disorder which resulted in moderate difficulties in maintaining social functioning; frequent deficiencies of concentration, persistence, and pace; and one or two episodes of decompensation. . . .

> . . . [T]he claimant had a history of hospital emergency room treatment for depression and suicide attempts. It was determined that despite ongoing treatment, the claimant experienced inappropriate guilt, decreased energy, poor concentration, decreased energy [sic], paranoid thinking, trouble maintaining relationships, and poor personal hygiene.

[Tr. 52].

By notice dated July 15, 2002, the Commissioner informed plaintiff that her benefits would be terminated due to medical improvement. [Tr. 74-75]. Plaintiff sought reconsideration. Reconsideration was denied, and she then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in December, 2003.

On March 23, 2004, the ALJ issued a decision discontinuing benefits. Therein, he concluded that plaintiff, due to medical improvement, no longer suffers from any severe impairment. [Tr. 52]; *see also Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Plaintiff was found to be no longer disabled as of June 1, 2002. [Tr. 54].

Plaintiff then sought review from the Commissioner's Appeals Council. On September 24, 2004, the Appeals Council remanded the claim for reconsideration in light of newly-submitted prescription records. [Tr. 371-74].

Then ALJ then conducted a second administrative hearing on January 10, 2006, which he continued to April 11, 2006, in order to obtain additional medical expert testimony. [Tr. 581-82]. On September 12, 2006, the ALJ again issued a decision discontinuing benefits. He again concluded that plaintiff had experienced medical improvement related to her ability to work. [Tr. 20]. The ALJ further concluded that plaintiff suffers from the

severe impairments of anemia and borderline intellectual functioning, but that those conditions do not meet or equal any impairment listed by the Commissioner. [Tr. 24]. Relying on the testimony of the medical experts, the ALJ found plaintiff to have the residual functional capacity ("RFC") to perform a range of light work, restricted only by a "seriously limited, but not precluded, ability to handle complex job instructions." [Tr. 21-25]. Citing vocational expert testimony, the ALJ then determined that plaintiff is able to perform a significant number of jobs existing in the regional and national economies. [Tr. 25-26]. Plaintiff was again deemed no longer eligible for benefits.

Plaintiff then sought renewed Appeals Council review, which was denied on March 15, 2008, notwithstanding the submission and consideration of additional medical records. [Tr. 8, 12].[1] Through her timely complaint, plaintiff has now properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Plaintiff's additional documents [Tr. 546-66] are not discussed in her brief and are thus not an issue on appeal. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

3

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

4

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof during the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

In order for the Commissioner to find that a disability has ended, a claimant's condition must have medically improved, the medical improvement must be related to the ability to work, and the claimant must be able to engage in substantial gainful activity. *See* 20 C.F.R. § 416.994. "Medical improvement" is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." 20 C.F.R.

5

§ 416.994(b)(1)(i).

III.

*Analysis*

As discussed, the ALJ found plaintiff capable of performing a range of light exertion. On appeal, plaintiff argues that the decision below was not supported by substantial evidence. Specifically, she contends that the ALJ improperly evaluated her mental health complaints and her anemia. Any issue not specifically raised by plaintiff has been waived. *See Hollon*, 447 F.3d at 490-91; *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990).

A. Mental Impairments

Psychologist Bob Ewing and licensed psychological examiner Kathy Jo Miller performed a consultative mental examination in September 2002. Based on interview and testing, the examiners diagnosed low-average intelligence and mild problems with depression, anxiety, and short-term memory. [Tr. 348]. They predicted that plaintiff would be no more than mildly limited in any vocational capacity. [Tr. 348-49].[2]

In February 2004, despite plaintiff's claim of "a lot of anxiety," Dr. Ray Lamb described her as "[r]espond[ing] appropriately; mood appropriate; no obvious memory deficits." [Tr. 422]. Psychiatrist Charles Gaines assigned a diagnosis of "moderate"

---

[2] Dr. H. Frank Edwards then completed an "Analysis of Medical Improvement Issues" form, opining that plaintiff had experienced significant medical improvement and that she now has no more than mild mental limitations. [Tr. 363-64].

6

depression in December 2004. [Tr. 429]. At a February 2005 follow-up medication evaluation, plaintiff displayed a sad mood and she reported anxiety, fatigue, and despair. Psychiatrist Ali Garatli described her, however, as "awake, alert and oriented. She is dressed casually and appropriately. She is interactive and pleasant. She makes good eye contact. Her speech is a normal rate and rhythm." [Tr. 468].

At a September 2005 appointment, plaintiff appeared anxious and depressed. [Tr. 537]. She reported isolation and a recent panic attack. [Tr. 537]. However, by February 2006, plaintiff stated that she was doing well on the anti-depressant Zoloft. [Tr. 525].

Psychologist Charlton Stanley and licenced psychological examiner Art Stair performed a second consultative mental examination in May 2005. After interview and testing, the examiners diagnosed borderline intellectual functioning, probable mild-to-moderate bipolar II disorder, and mild panic disorder with agoraphobia. [Tr. 475-76, 480]. The examiners predicted that plaintiff is "seriously limited but not precluded" only in the vocational capacity of understanding, remembering, and carrying out detailed job instructions. [Tr. 482-84].

Psychologist Thomas Schacht testified at the third administrative hearing. Dr. Schacht had reviewed the entire medical record. [Tr. 594]. After summarizing the evidence, Dr. Schacht testified that in his opinion plaintiff has no more than "mild" mental/vocational limitations. [Tr. 594-98].

7

The ALJ cited the opinions of Drs. Ewing, Edwards, Stanley, and Schacht in concluding that plaintiff is more than mildly limited only in the ability to perform complex work. [Tr. 24]. It in fact appears that the ALJ gave plaintiff the benefit of the doubt in assigning a complex work restriction, as Dr. Stanley is the only source to have predicted that degree of limitation. It is further noteworthy that no mental health provider offered any opinion or restrictions conflicting with those cited by the ALJ.

The administrative record is consistent with the Commissioner's finding of medical improvement subsequent to the initial 2000 award of benefits. For example, plaintiff reported suicidal ideation between 1998 and 2000 [Tr. 238, 243] purportedly related to a series of abusive boyfriends. [Tr. 214, 216, 220, 231, 233, 345-46, 428, 431, 438, 591-92]. She now denies suicidal intent [Tr. 422, 468, 472, 475] and reports no active abusive relationship. [Tr. 432, 573]. Also, in July 2000, Dr. Teresa Salazar-Catron deemed plaintiff incapable of handling her own finances. [Tr. 332]. In September 2002, however, plaintiff acknowledged that she now manages her household funds, and the consultative examiners agreed that she is capable of doing so. [Tr. 347-48, 480, 484].

The decision below pertaining to plaintiff's alleged mental impairments was supported by substantial evidence. That decision must accordingly be affirmed.

### B. Anemia

The administrative record contains a diagnosis of anemia. [Tr. 342, 421]. Plaintiff testified that she "stay[]s sick, very tired" because of that condition. [Tr. 586].

However, in April 2004 plaintiff told Dr. Lamb's assistant that she was feeling much better after starting iron and vitamin C therapy. [Tr. 420]. There were issues in 2004 with increased menstrual bleeding associated with the anemia [Tr. 415, 417], but plaintiff testified in 2006 that the bleeding had been "take[n] care of" by a medical procedure. [Tr. 588].

Internist Theron Blickenstaff testified at the third administrative hearing. Dr. Blickenstaff had reviewed the entire medical record [Tr. 607] and was procured by the ALJ solely to offer an opinion on the effect of plaintiff's anemia. [Tr. 581]. Following a discussion of the record, Dr. Blickenstaff testified that the condition should cause no more than mild symptoms. [Tr. 607-09]. He further opined that plaintiff would be capable of a range of medium exertion. [Tr. 609].

The ALJ credited Dr. Blickenstaff's testimony but nonetheless "afforded the claimant the benefit of the doubt" [Tr. 25] in restricting her to *light* work. Dr. Blickenstaff's uncontroverted opinions substantially support the ALJ's conclusion, and the court finds no error.

9

## C. Conclusion

For the reasons stated herein, the final decision of the Commissioner was supported by substantial evidence and will be affirmed. An order consistent with this opinion will be entered.

ENTER:

                                                s/ Leon Jordan
                                      United States District Judge

10

Case 2:08-cv-00137-RLJ   Document 12   Filed 05/11/09   Page 10 of 10   PageID #: 78